**Kimberly A. RICH, Plaintiff–Appellant,**

v.

**CITY OF ONTARIO, Defendant–Appellee.**

No. 99–55958.

D.C. No. CV–99–1529–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided June 1, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM *

The city of Ontario, California ("Ontario"), denied appellant Kimberly Rich's ("Rich") applications to display seven signs within city limits. Rich filed a complaint in district court which contained both a facial and an as-applied challenge to Ontario's sign permit regulations. The district court granted Ontario's motion to dismiss, and Rich appeals. We affirm.

Rich argues that Ontario's sign permit regulations violate her due process rights because the regulations lack reasonable procedural safeguards, thus allowing Ontario officials to exercise unfettered discretion to withhold sign permits. Rich specifically eschews any substantive First Amendment challenge to Ontario's sign code, maintaining instead that her facial and as-applied challenges are confined to the code's alleged lack of procedural safeguards.

Rich's facial challenge fails. In *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 609 (9th Cir.1993), we addressed the facial constitutionality of sign permit

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

regulations which, like Ontario's, did not contain any deadlines for decision. We wrote "[t]hat the codes lack a time limit for the processing of [permit] applications is not fatal." *Id.* at 613. Rich's facial challenge to the absence of a time limit for judicial review is rendered moot by the enactment of California Civil Procedure Code § 1094.8.

Rich's as-applied challenge also fails. First, as stated, *Outdoor Systems* does not require that sign permit codes contain any processing time limits. Second, despite the lack of any procedural safeguards in its sign code, Ontario expeditiously reviewed and denied her applications and Rich promptly filed for and received judicial review of the permit denials. Finally, we note that Rich's speech is of the type that may be entirely banned by a municipality.[1] *See Outdoor Sys.*, 997 F.2d at 610–11 (upholding constitutionality of sign code that banned all offsite commercial advertising); *see also Ackerley Communications of the Northwest, Inc. v. Krochalis*, 108 F.3d 1095, 1099 (9th Cir.1997) (upholding Seattle's ban on off-premises advertising signs).

AFFIRMED.

---

1. The Ontario official processing Rich's permit classified her signs as offsite commercial signs or billboards. Rich does not argue that her signs were wrongly classified. She suggests, however, that the city official had "unfettered discretion" to classify her signs as billboards.

Merely because a government official must classify speech as either commercial or noncommercial for the purpose of carrying out a regulation *does not render the regulation un*constitutional. *See Outdoor Sys.*, 997 F.2d at 613 (noting that judicial precedent defining commercial speech provides a definite standard for classification of speech as either commercial or noncommercial).

